11th
Court of Appeals

                                                                  Eastland,
Texas

                                                                        Opinion

 

Al
Wayne Juergens

Appellant

Vs.                   No. 11-04-00040-CR -- Appeal from Eastland County 

State
of Texas

Appellee

 

The jury convicted Al Wayne Juergens of the
offense of indecency with a child, and the trial court assessed punishment at
50 years confinement.  Appellant
confessed to committing the crime. In two points of error, appellant argues
that his confession was improperly obtained after he asserted his right to
counsel.  We affirm.

On August 27, 2002, the victim, a nine-year-old
girl, made an outcry statement to Dolores Metcalf of Child Protective Services.[1]  In the statement, the victim alleged that
appellant, an ex-boyfriend of the victim=s
mother, sexually molested her.  On
September 10, 2002, at the Eastland County Jail, Texas Ranger David Hullum
interviewed appellant about the indecency allegations.  At that time, appellant was in custody for
different offenses, specifically for burglary and for violating a protective
order.  During the interview, appellant
confessed to engaging in sexual contact with the victim.  On September 11, 2002, based on this sexual
contact, an arrest warrant was issued for appellant.  On July 1, 2003, appellant was indicted for
the offense of indecency with a child.

In his first point of error, appellant asserts
that the trial court erred in admitting appellant=s
confession into evidence because the confession was allegedly obtained after
appellant had invoked his right to counsel under the Sixth Amendment of the
United States Constitution.








A trial court has broad discretion in ruling on
the admissibility of evidence.  See
Salazar v. State, 38 S.W.3d 141, 151 (Tex.Cr.App.2001).  As such, the standard of review for
evidentiary decisions is abuse of discretion. 
Weatherred v. State, 15 S.W.3d 540, 542 (Tex.Cr.App.2000).  We will not disturb the trial court=s ruling as long as it was within the
zone of reasonable disagreement.  Montgomery
v. State, 810 S.W.2d 372, 391 (Tex.Cr.App.1991).

Counsel=s
objection to the admission of the confession during trial was based on TEX.
CODE CRIM. PRO. ANN. art. 38.22 (Vernon 2005). 
Article 38.22 is an exclusionary statute which provides that no written
statement made by an accused as a result of custodial interrogation is
admissible as evidence against him in any criminal proceeding unless it is
shown on the face of the statement that the accused received his Miranda
[2]
warnings and that, prior to and during the making of the statement, the accused
knowingly, intelligently, and voluntarily waived his Miranda
rights.  See Article 38.22,
section 2.

Our review of the record indicates that the
procedures of Article 38.22 were followed. 
Ranger Hullum testified that, prior to interviewing appellant, he read
appellant his Miranda rights, including the right to have a lawyer
present during questioning.  Ranger
Hullum also testified that, as he began reducing appellant=s confession to writing, he again
explained to appellant his Miranda rights.  Each right required by Miranda and
Article 38.22 appeared on appellant=s
written confession, including the right to have a lawyer present during
questioning.  To the left of each of
these rights, appellant signed his initials. 
Appellant also signed his initials beside a statement that he knowingly,
intelligently, and voluntarily waived these rights.  We find that the State complied with the
requirements of Article 38.22. 
Therefore, the trial court did not abuse its discretion in admitting the
confession.

We also note that the Sixth Amendment right to
counsel is offense-specific.  Texas v.
Cobb, 532 U.S. 162, 167 (2001).  It
does not extend to offenses that are Afactually
related@ to those
that have actually been charged.  Cobb
v. State, 85 S.W.3d 258, 261 (Tex.Cr.App.2002).  At the time of the interrogation, appellant
was not in custody for the offense of indecency with a child; instead, he was
in custody for burglary and violation of a protective order.








The Sixth Amendment right to counsel, furthermore,
does not attach until a prosecution is commenced.  Texas v. Cobb, supra at 167.  A prosecution is commenced at or after the
initiation of adversary judicial criminal proceedings, whether by way of formal
charge, preliminary hearing, indictment, information, or arraignment.  Texas v. Cobb, supra at 167-68.  Appellant was not indicted for the offense of
indecency with a child until July 1, 2003. 
On September 10, 2002, when appellant confessed to the crime, his Sixth
Amendment right to counsel for the specific offense of indecency with a child
had not yet attached.

It is true that, if an accused clearly invokes his
Fifth Amendment right to counsel during custodial interrogation by the police,
before attachment of the Sixth Amendment right to counsel, all interrogation
must cease.  Upton v. State, 853
S.W.2d 548, 552 (Tex.Cr.App.1993).  In
appellant=s case,
however, there is no evidence that appellant clearly invoked his Fifth
Amendment right to counsel during custodial interrogation.  Ranger Hullum testified that at no point
during the interrogation or during the preparation of appellant=s written confession did appellant ever
invoke his right to counsel.  Appellant
never contested or disputed Ranger Hullum=s
testimony. 

At most, appellant requested counsel several days
prior to his interrogation, when he applied for a court-appointed attorney to
represent him on separate charges relating to a burglary offense and violation
of a protective order.  Invoking the
Fifth Amendment right to counsel Arequires,
at a minimum, some statement that can reasonably be construed to be an
expression of a desire for the assistance of an attorney in dealing with
custodial interrogation by the police.@  McNeil v. Wisconsin, 501 U.S. 171, 178
(1991)(emphasis added).  To find that
appellant invoked his Fifth Amendment right to counsel on the present charge
merely by requesting the appointment of counsel on unrelated charges is to
disregard the ordinary meaning of that request. 
See McNeil v. Wisconsin, supra at 178-79.  Because we find that appellant never invoked
his Fifth Amendment right to counsel during the interrogation and because his
Sixth Amendment right to counsel had not yet attached at the time of the
interrogation, we overrule appellant=s
first point of error.

In his second point of error, appellant asserts
the same argument he made in his first point, this time under Article I,
Section 10 of the Texas Constitution and TEX. CODE CRIM. PRO. ANN. art. 26.04
(Vernon Supp. 2004 - 2005).  Appellant
provides no argument for his allegation that Article 26.04 was violated, and we
will not address it.  See Rule
38.1(h).  We also do not believe that the
Texas Constitution provides greater or different protection than its federal
counterpart in this area of law.  See
Hernandez v. State, 988 S.W.2d 770, 772-73 (Tex.Cr.App.1999).  We overrule appellant=s
second point of error.








The judgment of the trial court is affirmed. 

 

JIM
R. WRIGHT

JUSTICE

 

May
5, 2005

Do
not publish.  See TEX.R.APP.P.
47.2(b).

Panel
consists of:  Arnot, C.J., and

Wright,
J., and McCall, J.











[1]Appellant alleges in the summary of his argument that
it was error for the trial court to admit this outcry statement into
evidence.  However, appellant does not
present this argument further in his brief, and we will not address it.  See TEX.R.APP.P. 38.1(h).    





[2]See Miranda v. Arizona, 384 U.S. 436 (1966).